IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONALD C. MURRAY,                    : Civil No. 1:25-CV-2545
                                     :
    Plaintiff,                       :
                                     :
                                     : (Judge Kane)
    v.                               :
                                     :
                                     : (Chief Magistrate Judge Bloom)
YORK COUNTY DEP'T                    :
OF PROBATION SERVICE, et al.,        :
                                     :
                                     :
    Defendants.                      :

REPORT AND RECOMMENDATION

## I.    Introduction

On December 30, 2025, the *pro se* plaintiff commenced the above-captioned action by lodging a civil complaint, followed by an application for leave to proceed *in forma pauperis*.[1] We recommended that the motion for leave to proceed *in forma pauperis* be conditionally granted, but after a screening review, we recommended that the complaint be dismissed, which the district court adopted but permitted the plaintiff 21 days to file an amended complaint.[2] The plaintiff never filed an amended complaint, which leads us to conclude that he has abandoned this action.

---

[1] Docs. 1, 4.
[2] Docs. 5, 6.

Accordingly, for the following reasons, we will now recommend that this matter be dismissed with prejudice.

## II.   <u>Discussion</u>

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss a civil action for failure to prosecute or to comply with the Federal Rules or court orders.[3]  Dismissal under this rule rests with the discretion of the court and will not be disturbed absent an abuse of discretion.[4]  The court's discretion is governed by what are commonly referred to as the *Poulis* factors:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[5]

---

[3] Fed. R. Civ. P. 41(b).

[4] *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (citations omitted).

[5] *Id.* at 190 (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

In making this determination, "no single *Poulis* factor is dispositive."[6] Moreover, "not all of the *Poulis* factors need be satisfied" to dismiss a complaint for failure to prosecute.[7] As the Court of Appeals has explained, "[i]n balancing the *Poulis* factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case."[8]

In this case, an analysis of the *Poulis* factors leads us to conclude that this case should be dismissed. Consideration of the first factor—the party's personal responsibility—indicates that the delays are entirely attributable to the plaintiff, who has failed to abide by court orders and file an amended complaint.

The second factor—prejudice to the adversary—also weighs heavily in favor of dismissal. This factor is entitled to great weight, since the Third Circuit has explained:

> "Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-74 (3d Cir. 1994) (internal quotation

---

[6] *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).

[7] *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

[8] *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Mindek*, 964 F.2d at 1373).

marks and citation omitted). Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Id.* at 874 (internal quotation marks and citations omitted). . . . . However, prejudice is not limited to "irremediable" or "irreparable" harm. *Id.*; *see also Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003); *Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 693-94 (3d Cir. 1988). It also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware*, 322 F.3d at 222.[9]

Here, we conclude that the defendants are plainly prejudiced by the plaintiff's failure to comply with court orders or litigate this case, and we find that this factor weighs in favor of dismissal.[10]

Considering the history of dilatoriness on the plaintiff's part, dismissal is appropriate. As the Third Circuit has stated, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with

---

[9] *Briscoe*, 538 F.3d at 259-60.

[10] *See e.g.*, *Tillio v. Mendelsohn*, 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal); *Reshard v. Lankenau Hospital*, 256 F. App'x 506 (3d Cir. 2007) (failure to comply with discovery compels dismissal); *Azubuko v. Bell National Organization*, 243 F. App'x 728 (3d Cir. 2007) (failure to file amended complaint prejudices defense and compels dismissal).

court orders."[11] In the instant case, it is undisputed that the plaintiff has failed to file an amended complaint and comply with the court's orders.

We further conclude that the fourth factor—whether the conduct of the party was willful or in bad faith—weighs in favor of dismissal. With respect to this factor, we must assess whether the party's conduct is willful, in that it involved "strategic," "intentional or self-serving behavior," or a product of mere inadvertence or negligence.[12] Here, where the plaintiff has failed to comply with our instructions directing him to take action, we are compelled to conclude that these actions are not inadvertent but reflect an intentional disregard for our instructions and for this case.

The fifth factor—the effectiveness of lesser sanctions—also cuts against the plaintiff in this case. Cases construing *Poulis* agree that when confronted with a *pro se* litigant who refuses to comply with court orders, lesser sanctions may not be an effective alternative.[13] Here, by entering our prior orders and advising the plaintiff of his obligations, we

---

[11] *Briscoe*, 538 F.3d at 260-61 (quoting *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994)) (quotations and some citations omitted).
[12] *Adams*, 29 F.3d at 875.
[13] *See e.g., Briscoe*, 538 F.3d at 262-63; *Emerson*, 296 F.3d at 191.

have tried lesser sanctions to no avail.  Accordingly, dismissal is the only available sanction remaining.

Finally, we are cautioned to consider the meritoriousness of the plaintiff's claim.  However, we find that consideration of this factor cannot save the plaintiff's claims, as he has been wholly noncompliant with his obligations as a litigant.  As we have explained, no one *Poulis* factor is dispositive, and not all factors must be satisfied for the plaintiff's case to be dismissed.[14]  Accordingly, in our view, the untested merits of the plaintiff's claims, standing alone, cannot prevent the dismissal of those claims.

This is particularly true in cases in which a plaintiff has been given an opportunity to amend the complaint but fails to timely file an amended complaint or respond to court orders.[15]  In fact, courts in this district have dismissed such actions with prejudice as frivolous and without further leave to amend.[16]  Accordingly, we recommend that this

---

[14] *See Ware*, 322 F.3d at 222; *Mindek*, 964 F.2d at 1373.

[15] *See Pruden v. SCI Camp Hill*, 252 F. App'x 436, 438 (3d Cir. 2007) (holding that the district court did not abuse its discretion when it dismissed the plaintiff's action with prejudice for failure to timely file an amended complaint).

[16] *See e.g.*, *Moore v. Primeramo*, No. 4:17-CV-990, 2017 WL 5474548, at *2 (M.D. Pa. Oct. 24, 2017), *report and recommendation adopted*, No.

action now be dismissed with prejudice as frivolous, and that no further leave to amend be given.

### III.    Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED THAT this matter now be DISMISSED WITH PREJUDICE for the plaintiff's failure to prosecute this case.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her

4:17-CV-990, 2017 WL 5473461 (M.D. Pa. Nov. 14, 2017); *Davis v. Superintendent, SCI Huntingdon*, 3:12-CV-01935, 2013 WL 6837796 (M.D. Pa. Dec. 23, 2013) (Mariani, J.).

discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 11th day of May 2026.


*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge